**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| IRVIN J. BETCH ET AL., | * | |
| Plaintiffs, | * | |
| v. | * | |
| | * | Civil No. 25-27-BAH |
| NATIONSTAR MORTGAGE, LLC, ET AL., | * | |
| Defendants. | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION**

Pending before the Court is a motion under rule 59(e) to alter or amend judgment and for leave to file an amended complaint limited to Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA") claims (the "Motion") filed by pro se Plaintiffs Irvin J. Betch, Patricia A. Betch, and "Arthur of the family Wittenberg, (*Trustee*)" (together, "Plaintiffs"). ECF 81 (capitalization altered). Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), Nationstar Mortgage, LLC ("Nationstar"), and Christopher Marshall ("Marshall") have filed oppositions to the Motion (Nationstar and Marshall are hereinafter referred to as the "Nationstar Defendants"). ECF 86 (Trans Union and Equifax's); ECF 87 (Nationstar Defendants').

In response to the Court's order requiring them to file both, *see* ECF 91, Plaintiffs filed a proposed amended complaint, ECF 92, and a supplemental memorandum in support of the Motion, ECF 93. In response, both groups of defendants filed supplements to their oppositions. ECF 96 (Nationstar Defendants'); ECF 97 (Trans Union and Equifax's). Additionally, Defendant Experian Information Solutions, Inc. ("Experian") has filed a notice of joinder of Trans Union and Equifax's

initial opposition and supplemental opposition, which was docketed as a motion. ECF 98. Plaintiffs did not file replies to the oppositions, nor to the supplements to the oppositions, nor to Experian's motion for joinder. All filings, with the exception of Experian's motion for joinder, include memoranda of law.[1] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Experian's motion for joinder, ECF 98, is **GRANTED** and Plaintiffs' motion to alter or amend judgment and for leave to file an amended complaint, ECF 81, is **DENIED**.

## I. BACKGROUND

### A. Procedural History[2]

Plaintiffs filed a complaint on January 3, 2025, asserting nine causes of action. ECF 1. Plaintiffs brought all nine claims against the Nationstar Defendants, including breach of fiduciary duty (Count I); securities fraud (Count II); violations of various provisions of the FCRA, Counts. II, IV, and V), a violation of the FDCPA, 15 U.S.C. § 1692e (Count VI); a violation of the Federal Trade Commission Act ("FTCA"), 15 US.C. § 45(a) (Count VII); a violation of 12 U.S.C. § 1431 (Count VIII); and a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. (Count IX). *Id.* Plaintiffs also alleged that the remaining defendants violated the FCRA under Counts III (brought against all defendants) and IV (brought against Nationstar, Equifax, Experian, and Trans Union). *Id.* at 13–18.

---

[1] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

[2] The Court only recounts the relevant procedural history for this Motion. A more extensive account of this case's procedural history is available in the Court's memorandum opinion addressing the defendants' motions to dismiss. *See* ECF 79, at 2–4.

In March of 2025, Defendants filed respective motions to dismiss and motions for joinder, *see* ECFs 17, 33, 36, 38, and 40, and Plaintiffs filed a motion for summary judgment, ECF 35. On February 24, 2026, the Court granted Defendants' motions to dismiss, denied Plaintiffs' motion for summary judgment, and directed the Clerk to close to case. ECF 79; ECF 80. Specifically, the Court dismissed Counts I, II, VI, VII, VIII, and IX against Nationstar Defendants with prejudice, and dismissed Counts III, IV, and V against Nationstar Defendants without prejudice. ECF 80, at 1–2.

On February 27, 2026, Plaintiffs filed the pending motion. ECF 81. However, Plaintiffs did not attach a proposed amended complaint, nor provide sufficient detail regarding their proposed amendments to the complaint. *Id.* at 5–6. Trans Union and Equifax filed an opposition, ECF 86, as did Nationstar Defendants, ECF 87. Finding that the Court could not "conduct a fulsome analysis under Rule 15 without reviewing a proposed amended complaint, or at the very least, specific details regarding any proposed amendments," the Court directed Plaintiffs to file a notice or supplement to their motion with a proposed amended complaint and instructed Defendants to file any supplements to their original oppositions. ECF 91, at 3.

Plaintiffs then filed a proposed amended complaint on May 5, 2026, ECF 92-1, along with the supplemental memorandum in support of their original Motion, ECF 93. Defendants filed their supplemental oppositions on May 20, 2026. *See* ECFs 96, 97, and 98.

Now pending before the Court are Plaintiffs' Motion, ECF 81, their proposed amended complaint, ECF 92-1, and Experian's motion for joinder, ECF 98.

### A. Factual Allegations in Proposed Amended Complaint

According to the proposed amended complaint, all three plaintiffs are "natural person[s] and consumer[s] within the meaning of 15 U.S.C. § 1681a(c)." ECF 92-1, at 2 ¶¶ 3–5. Defendant

Nationstar is a "furnisher of information within the meaning of 15 U.S.C. § 1681s-2" that "furnished information concerning Plaintiffs' mortgage account to customer reporting agencies." *Id.* ¶ 6. Defendants Trans Union, Equifax, and Experian are all consumer reporting agencies ("CRAs") "within the meaning of 15 U.S.C. § 1681a(f)." *Id.* ¶¶ 7–9.

The proposed amended complaint alleges that Nationstar serviced a mortgage account associated with Plaintiffs and reported inaccurate information concerning the status of that mortgage account. *Id.* at 3 ¶¶ 10–11. Plaintiffs "disputed the mortgage tradeline" in writing with both Nationstar and the CRAs, stating that the reporting was inaccurate and required correction and "providing supporting materials with their disputes." *Id.* ¶¶ 12–13. Plaintiffs allege that the CRAs and Nationstar were required under 15 U.S.C. § 1681i(a) and § 1681s-2(b), respectively, to conduct a reasonable investigation into and correct the allegedly inaccurate information but failed to do so. *Id.* ¶¶ 16–20. Instead, "Defendants continued reporting the mortgage account in a manner that Plaintiffs allege was inaccurate and materially misleading," while also failing to "clearly reflect that the account was disputed." *Id.* at 3–4 ¶¶ 20–22.

Each CRA allegedly communicated Plaintiffs' disputes to Nationstar, and Nationstar "responded in a manner that caused the [CRAs] to continue reporting the disputed account without meaningful correction." *Id.* at 4 ¶¶ 23–24. Consequently, the "inaccurate and disputed mortgage reporting remained on one or more of Plaintiffs' consumer reports after Plaintiffs' disputes," causing Plaintiffs actual damages. *Id.* ¶¶ 25–26.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 15 and 59

"[A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir. 2011). "To determine whether vacatur is warranted,

however, the court need not concern itself with either of those rules' legal standards." *Id.* at 471. "[W]hen a motion under Rule 59(e) is accompanied by a motion to amend a complaint under Rule 15(a), the standards under the rules are collapsed, allowing 'the court simply to turn to the standard applicable to the motion to amend.'" *Glanville v. Mayor & City Council of Baltimore, Maryland: Baltimore Police Dep't*, Civ. No. EA-23-3395, 2025 WL 1359218, at *4 (D. Md. May 9, 2025) (quoting *Daulatzai v. Maryland*, 97 F.4th 166, 178–79 (4th Cir. 2024)). "In other words, a court should evaluate a postjudgment motion to amend the complaint 'under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.'" *Katyle*, 637 F.3d at 470–71 (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). A proposed amendment is futile if it is "clearly insufficient or frivolous on its face" or "if the [proposed amended] complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (citation omitted).

In considering whether a proposed amended complaint passes Rule 12(b)(6) muster, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747

(4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

**B. Liberal Construction**

Because Plaintiffs brings this suit pro se, the Court must liberally construe their pleadings, holding them to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency has its limits, though. "A court may not construct the plaintiff's legal arguments for him, . . . nor is a district court required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Runge v. Barton*, No. CIVA 6:08-0231-GRA, 2009 WL 3245471, at *1 (D.S.C. Oct. 2, 2009) (first citing *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); and then quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)), *aff'd*, 368 F. App'x 361 (4th Cir. 2010).

## III. ANALYSIS

Plaintiffs' Motion requests that the Court "reopen this case for the limited purpose of allowing Plaintiffs to file a short, focused amended complaint asserting their core federal consumer protection claims under the FCRA and FDCPA, which the Court dismissed 'without prejudice' as to Nationstar but did not afford Plaintiffs any opportunity to replead." ECF 81, at 2. Specifically, Plaintiffs seek to leave to file an amended complaint limited to Counts III, IV, and V of the original complaint, brought against Nationstar Defendants, Experian, Equifax, and Trans Union. *Id.*

As an initial matter, the Court notes that Plaintiffs' proposed amended complaint only brings claims under the FCRA, not the FDCPA. *See* ECF 92-1, at 4–7. Additionally, Plaintiffs' Motion requested leave to file an amended complaint that would "clarify the specific tradeline information that was inaccurate; the dates and content of Plaintiffs' written disputes to Nationstar

and the CRAs; [and] the failure of Nationstar and the CRAs to reasonably reinvestigate or correct the tradeline." ECF 81, at 5–6. However, Plaintiffs' proposed amended complaint does not do so: it does not clarify the specific tradeline information that was inaccurate, nor the dates of any written disputes, nor any additional details on Defendants' failures to investigate or correct the allegedly inaccurate information. *See* ECF 92-1. The proposed amended complaint identifies that the dispute was related to a mortgage account serviced by Nationstar and that they disputed the "mortgage tradeline," but Plaintiffs do not identify any other details regarding the dispute. *Id.* at 3 ¶¶ 10–12, at 6 ¶ 41. Otherwise, the proposed amended complaint appears to contain fewer allegations than the original complaint. *Compare* ECF 92-1, *with* ECF 1. Even still, given the Court's duty to liberally construe pro se Plaintiffs' pleadings, *see Haines*, 404 U.S. at 520, the Court will consider each count of the proposed amended complaint.

**A. FCRA Claim Against Nationstar**

Count I of Plaintiffs' proposed amended complaint alleges that Nationstar violated 15 U.S.C. § 1681s-2(b). ECF 92-1, at 4. "To state a claim under § 1681s-2(b), a plaintiff must plead '(1) that [they] notified the CRAs of the disputed information; (2) that the CRAs notified [the defendant] of the dispute; and (3) that [the defendant] then failed to investigate and modify the inaccurate information.'" *Tyson v. Cap. One, N.A.*, Civ. No. DLB-25-1794, 2025 WL 3166795, at *2 (D. Md. Nov. 13, 2025) (alterations in *Tyson*) (quoting *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 581 (D. Md. 2015), *aff'd*, 623 F. App'x 94 (4th Cir. 2015)). "Additionally, to state a claim under § 1681s-2 of the FCRA, a plaintiff 'must allege facts that, if true, indicate an inaccuracy or incompleteness in their credit report that is objectively and readily verifiable.'" *Cooper v. I.Q. Data Int'l, Inc.*, Civ. No. RDB-24-2120, 2025 WL 1827956, at *7 (D. Md. July 2, 2025) (quoting *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 253 (4th Cir. 2025)). "At the

pleading stage, the Court need only determine whether [the plaintiffs'] factual allegations would be 'objectively and readily verifiable *by the furnisher*.'" *Id.* at *8 (emphasis in *Cooper*) (alteration added) (quoting *Roberts*, 131 F.4th at 252).

Here, as was the case with Plaintiffs' original complaint, *see* ECF 79, at 26–27, the Court is unable to discern whether any inaccuracy would be verifiable by Nationstar, because Plaintiffs do not specify the information that they purportedly disputed with the CRAs. *See generally* ECF 92-1. Nor do Plaintiffs provide the date that any allegedly inaccurate information was disputed, or any other facts for the Court to ascertain whether any inaccuracy or incompleteness existed in Plaintiffs' credit report. *See id.* Instead, as Nationstar notes, ECF 96, at 6, Plaintiffs only provide a series of conclusory allegations, asserting that: "Nationstar furnished information concerning Plaintiffs' mortgage account" to the CRAs; Plaintiffs disputed that information with the CRAs; the CRAs provided notice of the dispute to Nationstar; Nationstar failed to reasonably investigate, review, correct, or modify the allegedly inaccurate information; and Nationstar continued furnishing the inaccurate information. ECF 92-1, at 4–5 ¶¶ 29–36. The only hint of the nature of the dispute is Plaintiffs' contention that Nationstar "reported information concerning a mortgage account associated with Plaintiffs" and that "Nationstar's reporting concerning the status of that mortgage account was inaccurate and materially misleading." *Id.* at 3 ¶¶ 10–11.

Once again, without providing further detail, Plaintiffs fail to plausibly allege that they notified the CRAs of any disputed inaccuracies that would be objectively and readily verifiable. *Cf. Howell v. Upgrade, Inc.*, No. 6:24-CV-04228-JDA-WSB, 2025 WL 1330516, at *7 (D.S.C. Jan. 15, 2025) (finding plaintiff failed to state a claim under § 1681s-2 where "[t]he allegations supporting Plaintiff's FRCA claim against Defendant [we]re stated in the most general terms, providing no dates of when the relevant events occurred, nor explaining what inaccurate

information was included in Defendant's reporting to a CRA"), *reconsideration denied*, No. 6:24-CV-04228-JDA, 2025 WL 1559527 (D.S.C. June 3, 2025).

Generally, "a plaintiff triggers a furnisher's duty to investigate by notifying the CRA of a dispute[.]" *Cooke v. Carrington Mortg. Servs.*, Civ. No. TDC-18-0205, 2018 WL 6323116, at *10 (D. Md. Dec. 3, 2018) (citing *White v. GreenTree Serv., LLC,* 118 F. Supp. 3d 867, 874–75 (D. Md. 2015)). However, because Plaintiffs fail to plausibly allege that they notified a CRA of any dispute, they in turn also fail to allege that Nationstar's duty to investigate under the FCRA was triggered. *See Cooper*, 2025 WL 1827956, at *7. Accordingly, Plaintiffs' proposed amended complaint fails to plausibly allege any FCRA claim against the Nationstar Defendants.

**B. FCRA Claims Against CRA Defendants (Counts II–III)**

*i. Experian's Motion for Joinder*

In considering the Motion and CRA Defendants' opposition, the Court will grant Experian's motion for joinder, ECF 98, to adopt the arguments advanced by Trans Union and Equifax in their opposition and supplemental opposition to the Motion. *See Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 551 n.2 (D. Md. 2014) (analyzing defendants' adopted arguments); *see also United States v. Chester*, No. 13 CR 00774, 2017 WL 3394746, at *3 (N.D. Ill. Aug. 8, 2017) ("It is also permissible for a defendant to adopt a relevant argument made by another defendant."), *aff'd sub nom. United States v. Brown*, 973 F.3d 667 (7th Cir. 2020). The Court acknowledges Plaintiffs' argument in their supplemental memorandum that Equifax and Experian were originally improperly "dismissed based on joinders adopting Trans Union's motion to dismiss" and Plaintiffs' assertion that the amended complaint pleads the consumer reporting agencies' duties separately from Nationstar's duties to delineate each defendant's alleged misconduct. ECF 93, at 3. However, the proposed amended complaint does not distinguish

between Equifax, Experian, and Trans Union in any way regarding the alleged duties, actions, or inaction of each CRA. *See generally* ECF 92-1. The Court thus treats each argument made by Trans Union and Equifax as also made by Experian, as applicable. Accordingly, the Court hereinafter refers to the Trans Union, Equifax, and Experian Defendants as "the CRAs" or the "CRA Defendants."

*ii. Violations of 15 U.S.C. § 1681i(a) and § 1681(e)(b) (Counts II–III)*

Counts II and III bring claims against the CRA Defendants under Sections 1681i(e) and 1681e(b) and of the FCRA, both of which apply to CRAs. ECF 92-1, at 5–6; *see Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008) (explaining CRAs have a duty "to report accurately pursuant to § 1681e"). "To state a § 1681i claim, [a p]laintiff must allege '(1) that [the plaintiff] disputed the accuracy of an item in [the plaintiff's] credit file; (2) the [CRA] failed to conduct a reasonable reinvestigation; and (3) that a reasonable reinvestigation by the [CRA] could have uncovered the inaccuracy.'" *Simmons v. TransUnion, LLC*, 712 F. Supp. 3d. 629, 635 (D. Md. 2024) (quoting *Alston v. Branch Banking & Tr. Co.*, Civ. No. GJH-15-3100, 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) (alterations modified)). To state a claim under § 1681e, a plaintiff must show that "(1) the consumer report contains inaccurate information and (2) the [CRA] did not follow reasonable procedures to assure maximum possible accuracy." *Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

For both § 1681e(b) and § 1681i(a) claims, a "Plaintiff must allege that a consumer report contained inaccurate information." *Brown v. Experian Credit Reporting*, Civ. No. JKB-12-2048, 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2012) (citations omitted). This requires alleging specific facts to support an allegation that the disputed information is inaccurate, not just a conclusory allegation that the information was inaccurate. *See id.* (dismissing amended complaint

that failed to allege facts supporting plaintiff's contention that defendant reported inaccurate information related to plaintiff's credit history to third parties); *Swaso*, 698 F. App'x at 747 (quoting *Twombly*, 550 U.S. at 555) ("The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'")).

Once again, Plaintiffs fail to allege sufficient facts to state a plausible claim against the CRA Defendants under § 1681e or § 1681i of the FCRA.[3] The proposed amended complaint simply states that "Plaintiffs directly notified [CRA Defendants] that the mortgage tradeline was inaccurate and disputed." ECF 92-1, at 6 ¶ 41. Because Plaintiffs have failed to allege any supporting facts regarding the inaccuracy of the disputed information, they have failed to state a claim. *See Walker v. Trans Union, LLC*, Civ. No. PWG-16-3926, 2017 WL 4786625, at *5 (D. Md. Oct. 24, 2017) (characterizing plaintiff's dispute of a listed item's accuracy without "alleg[ing] how these items were inaccurate" as a "conclusory assertion"); *Jackson v. Warning*, Civ. No. PJM-15-1233, 2016 WL 520947, at *5 (D. Md. Feb. 5, 2016) (dismissing claim when plaintiff "simply suggest[ed] that certain information in [plaintiff's] credit file was inaccurately reported by Defendants, [but] fail[ed] to specify what information was inaccurately reported and by which Defendants" and did "not properly allege in sufficient detail precisely in what respect [plaintiff's] credit files were inaccurate"); *Haskins v. Experian Info. Sols.*, Civ. No. SAG-25-3150,

[3] In its memorandum opinion addressing Defendants' motions to dismiss, the Court originally dismissed these claims given Plaintiffs' failure to make any "allegations about the CRA Defendants' procedures at all." ECF 79, at 12. The Court notes that the proposed amended complaint does explicitly state that each CRA "failed to conduct a reasonable reinvestigation and continued to report inaccurate or materially misleading information." ECF 92-1, at 6 ¶¶ 44–46; *see also* ECF 92-1, at 7 ¶ 54 ("[CRA Defendants] failed to maintain reasonable procedures to assure maximum possible accuracy."). However, because the proposed amended complaint does not allege any facts regarding the inaccuracy of the information, it is unnecessary for the Court to consider whether Plaintiffs have adequately alleged Defendants' failure to comply with required procedures in a non-conclusory fashion.

2025 WL 3684244, at *2 (D. Md. Dec. 19, 2025) (dismissing claim when plaintiff "simply assert[ed] the existence of 'inaccuracies' with no further detail"); *cf. Brooks v. Midland Credit Mgmt., Inc.*, Civ. No. WDQ-12-1926, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) (finding plaintiff who alleged that report debt was inaccurate "as to ownership and amount" had stated a claim).

Because both causes of action require a plaintiff to plead specific facts supporting the inaccuracy of the contested credit information and Plaintiffs have not done so, neither Count II nor Count III of the proposed amended complaint would "withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d at 750.

## IV. CONCLUSION

For the foregoing reasons, Defendant Experian's motion for joinder, ECF 98, is **GRANTED** and Plaintiffs' motion "to alter or amend judgment and for leave to file amended complaint," ECF 81, is **DENIED**. A separate implementing order will issue.

Dated: September 28, 2026

/s/
Brendan A. Hurson
United States District Judge